Boynton, J.
The sufficiency of the facts stated in the petition of the plaintiff, under and by virtue of which he seeks relief by injunction, was involved in the question arising upon his demurrer to the answer of the city. Eor if, upon the whole record, the defendants were entitled to *321 judgment, it was immaterial whether their right arose upon facts stated in the answer or upon the insufficiency of the-facts stated in the petition. In either case, the dismissal-of the petition was the proper judgment to render. The-question therefore is, which party was entitled to judgment on the undisputed facts contained in the pleadings? There are several grounds stated in argument for the plaintiff, on each of which he asserts the right to a judgment restraining the collection of the assessment upon his property.
The first is, that the city council did not declare, by resolution, the necessity of the improvement, as required by the act of April 5, 1866. S. & S. 834. If the case fell within the provisions of that act, there is no doubt that the failure or omission to adopt the declaratory resolution would be fatal to the validity of the assessment. Welker v. Potter, 18 Ohio St. 85. But the case is not within its provisions. The act was operative only in cities of the first, class having, at the preceding federal census, a population of less than one hundred thousand inhabitants. Whether or not the city of Cleveland belonged to this class, the pleadings do not advise us, and we think the fact is not one of which the court is bound to take judicial notice. There should have been some allegation bringing the case-within the operation of the statute, if the plaintiff claimed the benefit of its provisions, and if the allegation was denied it should have been established by proof.
It is next contended, that the city gave no notice of its. determination to improve the street, and, consequently, that the assessment was, for that reason, void for want of power in the city council to make it. This objection is also invalid. By the original act of May 3, 1852, to provide for the organization of cities and incorporated villages (2 8. & C. 1493), the publication of such notice does not seem to have been required; and, in Finnell v. Kates, 19 Ohio St. 405, it was held, that the publication of the notice of such determination, as required by the act of February 21, 1866- *322 i(S. & S. 803), was not a condition precedent to the authority to make an assessment to meet the expenses incurred in •making the improvement, unless damages resulting from the improvement are included in the assessment.
In the present case, there were no such damages given or (claimed, and hence, if it he conceded that the case is gov•erned by the provisions of that act, the power to make the •assessment was in no wise affected by the failure to give the notice therein required.
It is next urged, as a ground upon which the assessment is illegal, that the improvement of Union street was not recommended by the board of city improvements. This fact, however, is nowhere made to appear. The pleadings, in respect to such recommendation, are entirely silent; .and, to give effect to the claim of the plaintiff, the court must assume, without any averment or proof, that no such recommendation was, in fact, made. This will not be done. Where a party seeks, in equity, to enjoin the collection of an assessment standing against him, or his property, on the duplicate of the county treasurer, on the ground that it was illegally made, but which it was within the power of the board or tribunal causing it to be placed there, to levy, he must show its invalidity by proper averment and proof. The assessment will be held valid until the contrary is made to appear. It, therefore, was not the duty of the defendants to show that the improvement was, in fact, recommended by the board of city improvements.
It is finally contended, that because, by the terms of the assessing ordinance, the assessment was required to be paid three days before the ordinance was passed, the assessment is void. If the statute then in force required the time for the payment of the assessment to be fixed, in all cases, by the ordinance, there would be more force in this objection. But no such requirement was made.
Power to order the improvement and to charge the abutting property with the expense of the same was conferred on the city council, by section 26, as amended April 12, 1858 (2 S. & C. 1501), of the act to provide for the organi *323 •zation of cities and incorporated villages, passed May 3, 1852. 2 S. & G. 1493.
Section 30 authorized the council to prescribe the mode in which the charge on the respective lot owners and on-abutting lots or lands should be assessed and determined ; but it also provided, that such charge, when assessed, should be payable by the owner or owners at the time of the as•sessmont, personally, and should also be a lien upon the respective lots or parcels of land, in the possession of any •owner, from the time of the assessment. This section also gave authority to institute an action at once for the collection of the assessment. And, by the following section, it was declared that when, in any such action, the court trying the same should be satisfied that work had been done •or materials furnished, which, according to the true intent of that act, would be properly chargeable on the lot or land through or by which the street improved passed, a recovery should be permitted, or a charge enforced, to the extent of the proper proportion of the value of the work or material which would be chargeable on such lot or land, notwithstanding any informality, irregularity, or defect in any assessment on the part of such municipal corporation, or its officers. The defect complained of in the present case, is clearly covered by this "provision. Its manifest object was to remedy defects, and cure omissions, and irregularities in assessments, where, by so doing, no injury resulted to the substantial rights of the lot owner. The only 'injury that could have possibly resulted from the defect existing in the ordinance, consisted in exacting a penalty for not paying the assessment at the time required. But from this the plaintiff was fully relieved, and, showing no right to the further relief prayed for, the same, we think, was properly refused.
Judgment affirmed.